UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENRIQUE ALMEIDA and ELEONORA PARADA, individually and on behalf of all others similarly situated, § § § § **Plaintiffs,** § § v. § § **PROFESSIONAL JANITORIAL SERVICES OF HOUSTON, INC.,** § § § **Defendant.** § | CIVIL ACTION NO. H-06-2044 |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Rule 12 Motion to Dismiss (Doc. # 9). Defendant argues that Plaintiffs' claims should be dismissed for failure to state a claim under the Fair Labor Standards Act ("FLSA"), and that any remaining claims should be dismissed for lack of subject matter jurisdiction. For the reasons set forth below, Defendant's motion is **DENIED**.

### I. BACKGROUND

Plaintiff Enrique Almeida is a former employee of Defendant Professional Janitorial Services of Houston, Inc. ("PJS"), and Plaintiff Eleonora Parada is a current PJS employee. They have filed suit, individually and on behalf of all other similarly situated employees, against PJS to recover allegedly unpaid wages. Mr. Almeida and Ms. Parada assert that, while employed by PJS, payment for work performed is delayed by at least one month, and that, after termination of employment, payment for the last two weeks of work performed is never made. Thus, Plaintiffs contend that PJS has violated §§ 206 and 207 of the FLSA by failing to pay employees minimum wages when due. Defendant argues that Plaintiffs have failed to state a claim under the FLSA, and the case should therefore be dismissed under Rule 12.

## II. RULE 12(b)(6) STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) ("[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

## III. STATEMENT OF A CLAIM UNDER THE FLSA

Defendant argues that Plaintiffs have failed to state a claim under the FLSA because, in their original complaint, Plaintiffs alleged a violation of only § 207 of the FLSA, which governs the payment of overtime wages. However, Plaintiffs did not allege that they worked any overtime entitling them to overtime compensation under that statute. This may indeed have presented a problem, but subsequent to Defendant's filing of the Motion to Dismiss, Plaintiffs were granted leave to file an amended complaint in which they allege a violation of § 206 of the FLSA as well. Section 206 requires employers to pay their employees a minimum wage of not less than $5.15 per hour. 29 U.S.C. § 206(a) (2006).

### A. Former Employees of PJS

Viewing Plaintiffs' allegations in the light most favorable to them, it is clear that Mr. Almeida and other former employees of PJS have stated a claim for violation of § 206 of the

FLSA. The amended complaint asserts that after a person's employment with PJS is terminated, he or she never receives payment for the last two weeks of work. (1st Am. Compl. ¶ 18.) If true, then PJS has failed to pay its employees the minimum wage for work performed, which is a cognizable claim under § 206 of the FLSA.

### B. Current Employees of PJS

Defendant argues that even if former employees of PJS have stated a claim under the FLSA, current employees have failed to do so. Current employees allege that payment of their wages is delayed by at least one month throughout their employment (1st Am. Compl. ¶ 18), but Defendant argues that the FLSA does not govern the timing of wage payments to employees. However, numerous Circuit Courts have held that late payment of wages, as well as nonpayment, violates the FLSA. *Herman v. Fabri-Centers of Am.*, 308 F.3d 280, 591 (6th Cir. 2002); *Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998); *Biggs v. Wilson*, 1 F.3d 1537, 1539-41 (9th Cir. 1993); *Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993); *Roland Elec. Co. v. Black*, 163 F.2d 417, 421 (4th Cir. 1947); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709 n.20 (1945) ("The necessity of prompt payment to workers of wages has long been recognized by Congress as well as by state legislatures."). Thus, if the allegations contained in the amended complaint are viewed in the light most favorable to Plaintiffs, Ms. Parada and other current employees have stated a cognizable claim under the FLSA.

### IV. SUBJECT MATTER JURISDICTION

Defendant argues that if Plaintiffs have not asserted a claim under the FLSA, then any remaining state law claims they may have should be dismissed for lack of subject matter jurisdiction. However, because Plaintiffs have asserted a claim under the FLSA, as explained above, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## V. CONCLUSION

Because Plaintiffs have stated a cognizable claim under the FLSA, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 6th day of November, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**